UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:                                                      :
                                                            :       25-CV-4101 (JRH) (RWL)
*EX PARTE* APPLICATION OF                                   :
LUDMILA KARYN COELHO,                                       :
TO TAKE DISCOVERY FOR USE                                   :       **ORDER**
IN A FOREIGN PROCEEDING UNDER                               :
28 U.S.C. § 1782.                                           :
                                                            :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Whereas on May 15, 2025, Ludmila Karyn Coelho ("Applicant") filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings (Dkt. 2);[1] and

Whereas on May 21, 2025, the matter was referred to me (Dkt. 8); and

Whereas the Court has considered the application, the supporting declarations of Shani M. King, dated May 5, 2025 (Dkt. 4), and Felipe S. Vieira, dated May 5, 2025 (Dkt. 5), and their exhibits; and

Whereas the Court finds that (1) the entities from whom discovery is sought, Valor Capital Group, LLC ("Valor") and Broadhaven Ventures ("Broadhaven"), are found in New York, New York within this District; (2) the discovery sought is for use in family court

---

[1] The Application originally was filed on May 5, 2025, as case number 25-MC-206 and temporarily assigned to the Part I Judge. That case file was closed the following day, and the matter was re-opened May 15, 2025, as case number 25-CV-4101. With respect to the ex parte nature of the filing, "[i]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) (citing cases).

judicial proceedings in Sao Paolo, Brazil (the "Brazilian Action"); and (3) Applicant is a party to the Brazilian Action and therefore an interested person, *see Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022) (identifying threshold requirements for issuance of § 1782 subpoena); and

Whereas the Court further finds that the factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65, 124 S.Ct. 2466, 2483 (2004) weigh in favor of permitting the discovery requested pursuant to 28 U.S.C. § 1782, because, inter alia, (1) neither Valor nor Broadhaven is a participant in the Brazilian Action; (2) the Brazilian Action is an adversarial proceeding presided over by a judge; the Brazilian Action is in the discovery phase; the discovery sought directly goes to one of the principal issues in the Brazilian Action (i.e., asset ownership); and the Brazilian family court is likely receptive to considering the evidence obtained; (3) there is no indication that the instant application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of either Brazil or the United States; and (4) the discovery sought is not unduly intrusive or burdensome, but rather is a single document request directed to two companies that invested in the assets at issue and are reasonably believed to have conducted due diligence of the assets' ownership; and the single request is tailored to determining the extent of any ownership interest of Applicant's Brazilian adversary in those assets.

It is hereby ORDERED that:

1. The application for discovery pursuant to 28 U.S.C. § 1782 is GRANTED;

2. Applicant is authorized to serve the subpoena attached as Exhibit 1 to the Declaration of Shani M. King upon Valor Capital Group, LLC;

3. Applicant is authorized to serve the subpoena attached as Exhibit 3 to the Declaration of Shani M. King upon Broadhaven Capital Partners, LLC;

4. Valor and Broadhaven are directed to respond to the subpoena served on them pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, and produce the documents in their possession, custody, or control, as requested in the applicable subpoena, by no later than twenty (20) days after service;

5. Valor and Broadhaven retain their right to move to quash pursuant to Fed. R. Civ. P. 45(c)(3);

6. This Court shall retain such jurisdiction as is necessary to effectuate the terms of the Subpoenas.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 27, 2025
New York, New York